

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2009

# Louis v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Louis v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1113.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1113

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3535
_____

MAKENTON LOUIS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A42-499-773)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2009

Before: RENDELL, FUENTES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 29, 2009)

_____

OPINION
_____

PER CURIAM

Makenton Louis petitions for review of an order of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Louis, a native of Haiti, entered the United States in 1991 as an immigrant. In 2006, Louis was charged as removable as an aggravated felon. He applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Louis asserted that he had been stabbed and beaten in 1992 because he was a supporter of Aristide. He alleged that his attacker, Ti Machine, is a member of the Haitian security force who would have control over his detention as a criminal deportee in Haiti. He further contended that his prior treatment for latent tuberculosis (TB) made him more susceptible to contracting TB in detention in Haiti. Louis also argued that as a Rastafarian, he could be tortured or killed.

After a hearing, the IJ found Louis removable and ineligible for asylum or withholding of removal. She denied deferral of removal under the CAT and ordered Louis removed to Haiti. The BIA affirmed. It concluded that the IJ did not clearly err in determining that Louis's alleged former persecutor had no current intention to torture Louis or control over the conditions of Louis's possible detention. The BIA agreed with the IJ's discounting of testimony regarding the torture and killing of Rastafarians because there was no documentary evidence. Louis filed a timely petition for review.

Louis only challenges the denial of relief under the CAT. Because Louis is an aggravated felon, a determination he does not challenge, our review of the denial of relief under the CAT is limited to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C) & (D). To be eligible for deferral of removal under the CAT, Louis must

demonstrate that it is more likely than not that he would be tortured if removed to Haiti. 8

C.F.R. § 208.17. We may not reverse the BIA's decision unless the record evidence

would compel a reasonable fact-finder to conclude that Louis had met his burden. I.N.S.

v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Louis argues that he will be tortured in Haiti by being detained in poor conditions.

In Pierre v. Attorney General, 528 F.3d 180 (3d Cir. 2008)(en banc), we determined that

the alien was not entitled to CAT relief because he had not shown that the Haitian

authorities had the specific intent to torture him by imprisoning him. Pierre required a

feeding tube and argued that he required daily medical care. We concluded that the pain

Pierre would experience from the poor conditions and lack of medical care in detention

was the unintended result of Haiti's extreme poverty. Id. at 189. We noted that in order

to obtain relief under the CAT, an alien must show that the torturer has the goal or

purpose of inflicting severe pain or suffering. Id. at 190. Under Pierre, Louis fails to

qualify for relief under the CAT.

Louis argues that Ti Machine, who attacked him in 1992, has the intent to torture

him.[1] Louis contends that Ti Machine is affiliated with the Haitian authorities and would

have control over his detention in Haiti if he were removed. One of Louis's sisters stated

in an affidavit that after she and her brother arranged for Louis's release from jail in

---

[1] Louis stated that after he was stabbed and beaten unconscious by Ti Machine in 1992, he woke up in jail and was not given food or medical attention for three days. Louis's brother had to pay Ti Machine to get Louis released.

3

1992, they "were told to warn [Louis] that he is Traitor and if they ever see him on the streets of Haiti again money could not buy his freedom." She stated that Ti Machine "apparently is now a sergeant of Haiti's anti-gang Special Forces." C.A.R. at 815-16. She testified before the IJ that she saw Ti Machine in a truck with other military men in 2006. Louis also submitted an affidavit from Joel Juste, a friend of Louis from detention in the United States. Juste stated that another criminal deportee, Joel Calistin, reported that Ti Machine was the person Calistin paid to be released from detention because Ti Machine was a sergeant in the anti-gang unit. C.A.R. at 886.

The IJ concluded, and the BIA agreed, that Louis had not presented any evidence that Ti Machine had any interest in torturing Louis if he were returned to Haiti or that Ti Machine was aligned with the government. As noted earlier, we lack jurisdiction over Louis's challenge to the factual findings of the IJ. 8 U.S.C. § 1252(a)(2)(C) & (D). Moreover, Louis has not demonstrated that the record compels a finding that Ti Machine will have control over Louis's detention or the intent to torture him. He offers only testimony of the beating in 1992 as well as his sister's belief and a second-hand report that Ti Machine is now a sergeant in the anti-gang unit.

The IJ found that Louis's diagnosis of latent tuberculosis was not sufficient to support an argument that he would be singled out for torture or that he would contract TB if detained in Haiti. The possibility of Louis contracting TB is not distinguishable from the medical problems suffered by the alien in Pierre. As for Louis's contention that he

4

would be tortured or killed because he is a Rastafarian, we agree with the IJ that there is no documentary evidence to support this claim. Louis also argues that the officials in Haiti demand bribes for the release of criminal deportees. However, this does not compel a finding that the officials have the specific intent to torture Louis.

For the above reasons, we will deny the petition for review.